WILBUR GANARY, PLAINTIFF-APPELLANT, v. LINKER REALTY CORPORATION, DEFENDANT-RESPONDENT.

Submitted October 29, 1943—Decided March 23, 1944.

For the plaintiff-appellant, *Walter S. Keown.*

For the defendant-respondent, *Waddington & Tilton.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Supreme Court, entered after a trial at the Camden Circuit. The trial judge directed a verdict for defendant as to plaintiff's claim and a verdict for defendant, against plaintiff, for the amount of rent due for the balance of the term of the lease between the parties.

Plaintiff sued to recover damages resulting from the alleged breach of an agreement of renting by the failure to install an adequate heating system and to repair the premises. The landlord answered, denying breach of agreement, and filed a counter-claim to recover the entire balance of rent reserved by the lease. The letting was for the term of three years from March 15th, 1941, for the total rent of $4,500 payable in installments of $125 per month. The leased premises consisted of three stores, factory space, garage space and an apartment. The lease provided that the lessee would use and occupy the premises as a tire store for the sale of and re-grooving of tires, machine shop and apartment, and for no other purpose without the written consent of the lessor first had and obtained.

The lease contained the following:

"Fifteenth. The Lessee has rented the demised premises after examination in their present condition (unless otherwise specifically agreed upon in writing) and without any representations on the part of the Lessor or any of its agents. If the Lessor has agreed to make repairs or to grant the Lessee premises occupied by other tenants, then in such event, if possession cannot be given at the time specified, this lease shall not be affected thereby nor shall Lessee have any claim against the Lessor by reason thereof, but no rent shall be due hereunder until the Lessor shall notify the Lessee by writing delivered to Lessee or addressed to Lessee's last known post office address, that the demised premises are ready for occupancy. The act of taking possession shall always be conclusive evidence that the premises were in satisfactory condition.

"Schedule of repairs attached."

Attached thereto was a schedule of the repairs to be made. These generally included repairs to walls, painting, installation of "oil burning type of heater capable of heating entire building," repair of all roofs "so that entire building is usable," check plumbing, check electrical outlets, carpentry checkup so that all doors and windows could be opened and closed, re-paper kitchen and back bedroom in apartment, sand and refinish floors in apartment, paint trim in apartment and re-condition gas range in apartment. This schedule contained the following: "The owner agrees to complete above repairs and the tenant agrees that these repairs are all he requires in order to consummate lease." This was signed by plaintiff, Wilbur Ganary.

The lease further provided:

"Nineteenth. This lease represents the entire agreement between the parties hereto and there are no collateral oral agreements or understandings. All additions, variations or modification of this lease shall be void and ineffective unless in writing signed by the parties."

Plaintiff sought damages for the alleged failure of defendant to keep its agreement to make the repairs and to install an adequate heating system, by reason whereof it is alleged machinery and products were damaged by rain and water, employees were unable to work at full capacity because of

inadequate heating, and production was delayed and the cost thereof increased.

Defendant denied the allegations generally, and counterclaimed for the unpaid rent for the balance of the term.

It is undoubted that some repairs were agreed to be made and that the lessee took possession before such repairs were completed. The claim of plaintiff lessee is based upon the allegation that for a period of about eighteen months the premises were not put in condition as agreed. However, on October 2d, 1941, the parties made a settlement of rent for three months then unpaid in the sum of $180 and the parties entered into a written agreement. *Exhibit D-1* is a letter written by plaintiff to defendant tendering this sum "in full and complete settlement of rent due to September 15th, 1941." This letter further stated that the rent due on September 15th, 1941, would be paid as soon as the heating system was installed and put in operation, and that for every day subsequent to October 15th, 1941, that the heating system was not installed and put in operation "you will release us from the payment of a proportionate part of the rent due October 15th, 1941, until said heating system has been installed and put in operation." It was testified by the plaintiff that the heating system was installed on October 15th, 1941.

While the plaintiff testified that he continually complained about lack of repairs in the heating system and the lack of repair to a roof so that water would not get into the property, it is uncontroverted that the lessee paid all the rent from September 15th, 1941, and no claim was made by the lessee under the agreement of October 2d, 1941, for any remission of rents for failure to repair or other reason. Rent was paid in full to November, 1942. This conduct, under the written agreement, must be construed as a full and complete acceptance of the property.

On September 25th, 1942, the lessee entered into an agreement for the purchase of property in Mt. Ephraim and subsequently moved there.

By the fourth paragraph of the lease it was agreed that in the event that the lessee removed or attempted to remove his goods and property out of the premises, except in the

ordinary course of business, without having first paid and satisfied the lessor in full for all rent for the term of the lease, then such removal or attempt to remove shall be considered fraudulent and all rent for the said term remaining unpaid, at the option of the lessor, shall be taken to be thereupon due and payable and in arrears.

The act of the lessee in remaining in the property for a matter of thirteen months after the compromise of rent and it was agreed that there would be a compromise of rent for any period when the repairs were not made, forecloses the lessee of any claim that such repairs were not made. The lessor says the repairs were in fact made and completed, but in any event, the parties put their construction on the agreement and on the facts, and are bound by it. So that, apart from any question as to what the measure of damages of the leasee would be, if entitled to recover, the trial judge properly held that plaintiff was not entitled to go to the jury. Nor could there be, as urged by the plaintiff, any basis for a claim for damages for constructive eviction. It, therefore, follows that the provision in the lease that at the option of the lessor, the balance of the rent for the full term became due, could be enforced and result in judgment for the lessor.

The judgment under review is affirmed.

Appeal as to judgment on complaint—

*For affirmance*—THE CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, DILL, JJ. 12.

*For reversal*—THE CHANCELLOR, COLIE, HAGUE, THOMPSON, JJ. 4.

Appeal as to judgment on counter-claim—

*For affirmance*—PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, DILL, JJ. 10.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, HEHER, COLIE, HAGUE, THOMPSON, JJ. 6.